UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
JERMANIQUE C. BROWN,

                Plaintiff,

        - against -

BRIGHTPOINT HEALTH,

                Defendant.
---------------------------------------------------------------- x

17-CV-09324 (GHW)

**ANSWER**

Defendant Brightpoint Health ("Brightpoint" or "Defendant") by its attorneys Davis Wright Tremaine LLP, states as follows for its answer to the Complaint:

1.      Defendant denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring an action under the statute and laws referenced therein.

2.      Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant states that Paragraph 5 sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

6.      Defendant states that Paragraph 6 sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

7.      Defendant states that Paragraph 7 sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

8.      Defendant states that Paragraph 8 sets forth a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

9. Defendant avers that Plaintiff requests a trial by jury.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff was hired in a temporary position as Executive Assistant to Brightpoint's Chief Executive Officer, Paul Vitale, or about October 16, 2014.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint, except admits that Mr. Vitale regarded Plaintiff as a high performer in the role of temporary Executive Assistant.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint except admits that Mr. Vitale regarded Plaintiff as a high performer in the role of temporary executive assistant.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint, except admits that Brightpoint hired Plaintiff as an executive assistant to the incoming Chief Administrative Officer, Christopher Quinones, in or about November 2016.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint, except admits that Plaintiff's responsibilities, among other tasks, included managing Mr. Quinones's calendar, travel schedule and correspondence.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, except admits that Plaintiff apparently experienced physical distress that resembled a seizure.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged medication dosages and his interactions with his physician.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, except admits that Plaintiff apparently experienced physical distress that resembled a seizure.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, except admits that Plaintiff went to a hospital after apparently experiencing physical distress that resembled a seizure.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint, except admits that Mr. Quinones and Mr. Vitale was with Plaintiff in the hospital and each stayed with him bedside for a period of time.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, except admits that Plaintiff asked Mr. Quinones to call "my partner," who was listed as one of Brown's "emergency contacts," which Mr. Quinones did.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint, except admits that Plaintiff was absent from work from midday on May 6, 2015 through on or about May 11, 2015.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint and, further answering, avers that Brightpoint's human resources department requested that Plaintiff present documentation from his physician certifying that he is fit to return to work.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint and, further answering, avers that Brightpoint's human resources department requested that Plaintiff present documentation from his physician certifying that he is fit to return to work, which Plaintiff initially failed to do.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint, except admits that Brightpoint's human resources officials met with Plaintiff on or about May 11, 2015 concerning a complaint lodged by a coworker against Plaintiff on or about May 8,

alleging that Plaintiff engaged in inappropriate and unprofessional conduct toward her, including calling her names and approaching her in a hostile manner, for which Plaintiff was issued a verbal warning.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint, except avers that Brightpoint's human resources officials advised Plaintiff that he was permitted to take paid breaks during the work day as an accommodation of his medical impairment – which accommodation Plaintiff refused after explaining that Brightpoint has been very accommodating and that he received "everything he needed."

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint and, further answering, respectfully refers the Court to Paragraph 40 of this Answer.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint and, further answering, respectfully refers the Court to Paragraph 40 of this Answer.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint and, further answering, respectfully refers the Court to Paragraph 40 of this Answer.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint, including because it denies the allegations contained in Paragraphs 48-51 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant admits the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, except admits that Plaintiff accepted a position in Brightpoint's Facilities Department.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint, except admits that Plaintiff's primary work location in his role in the Facilities Department was at 248 West 35th Street and he reported directly to Alberto Sandoval.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint, except admits that in or about July 2015, Plaintiff's colleague, Steven Williams, accused Plaintiff of acting inappropriately and unprofessionally toward him, including by directing unwanted sexual conduct toward him during an employee farewell gathering.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint, and, further answering, respectfully refers the Court to Paragraph 61 of Defendant's Answer.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint is unintelligible and incapable of being answered; to the extent a response is required, Defendant denies the allegations.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint, except admits that in or about July 2015, Plaintiff's colleague, Steven Williams, accused Plaintiff of acting inappropriately and unprofessionally toward him, including by directing unwanted sexual conduct toward him during an employee farewell gathering.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint, except admits that in or about August 2015, Mr. Brown received a final written warning for performance and behavioral deficiencies.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint, except admits that in or about August 2015, Mr. Brown received a final written warning for performance and behavioral deficiencies.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint, except admits that Plaintiff attended a conference on December 9, 2015 with Mr. Sandaval and Carolina Nieto.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint, except admits that Plaintiff attended a conference on December 9, 2015 with Mr. Sandaval and Ms. Nieto at which he requested permission to arrive late to work from time to time, which was (and had previously been) granted.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint, except admits that Plaintiff attended a conference on December 9, 2015 with Mr. Sandaval and Ms. Nieto at which he requested permission to arrive late to work from time to time, which was (and had previously been) granted.

74. Defendant denies the allegations contained in Paragraph 73 of the Complaint, insofar as Plaintiff did not request a medical leave or a "place to rest and recover" after a seizure during the December 9, 2015 meeting; indeed, Plaintiff advised Ms. Nieto that he did not need any accommodation beyond arriving late to work from time to time.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint, insofar as Plaintiff did not raise during the December 9, 2015 meeting the topic of medication side effects.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint, except admits that Plaintiff corresponded with Mr. Vitale on or about January 28, 2016, and respectfully refers the Court to the document cited therein for its contents.

81. Defendant admits the allegations contained in Paragraph 81 of the Complaint in sum and substance, and respectfully refers the Court to the document cited therein for its contents.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint, except admits that Ms. DeRoche met with Plaintiff on or about January 29, 2016.

83. Defendant admits the allegations contained in Paragraph 83 of the Complaint in sum and substance, but denies knowledge or information sufficient to form a belief as to the accuracy of each word of the quotation attributed to Ms. DeRoche.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint, except admits that it received a physician's letter concerning Plaintiff on or about February 17, 2017 and respectfully refers the Court to the document for its contents.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint, except admits that Plaintiff alleged that Mr. Stinson acted inappropriately and unprofessionally toward Plaintiff, and Brightpoint terminated Mr. Stinson.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint, except admits that numerous employees complained that Plaintiff had engaged in multiple instances of inappropriate and unprofessional conduct at work, including by making offensive

and unwanted comments in violation of Brightpoint's anti-harassment policy (among other policies).

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint, except admits that on or about May 31, 2017, Plaintiff complained to Brightpoint about an off-site interaction he had with Mr. Vasquez, after which Brightpoint conducted a prompt and thorough investigation and terminated Mr. Vasquez.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint, except admits that on or about May 31, 2017, Plaintiff complained to Brightpoint about an off-site interaction he had with Mr. Vasquez, after which Brightpoint conducted a prompt and thorough investigation and terminated Mr. Vasquez.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint. Further answering, Defendant avers that Brightpoint terminated Plaintiff's employment in or about June 2015 after conducting a prompt and thorough investigation into complaints lodged by numerous employees that Plaintiff had engaged in multiple instances of inappropriate and unprofessional conduct at work, including by making offensive and unwanted comments in violation of Brightpoint's anti-harassment policy (among other policies), as alleged in Paragraph 96 of this Answer.

105. Defendant denies the allegations contained in Paragraph 105 of the Complaint, and further answering, states that Plaintiff's employment was terminated in or about early June 2015 after conducting a prompt and thorough investigation into complaints lodged by numerous employees that Plaintiff had engaged in multiple instances of inappropriate and unprofessional conduct at work, including by making offensive and unwanted comments in violation of Brightpoint's anti-harassment policy (among other policies), as alleged in Paragraph 96 of this Answer.

106. Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.

110. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

114. Defendant states that Paragraph 114 sets forth a legal conclusion to which no response is required and refers the Court to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., for a complete and accurate statement of its language. To the extent a response is required, the allegations are denied.

115. Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117. Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

120. Defendant states that Paragraph 120 sets forth a legal conclusion to which no response is required and refers the Court to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, for a complete and accurate statement of its language. To the extent a response is required, the allegations are denied.

121. Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122. Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123. Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124. Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

126. Defendant states that Paragraph 126 sets forth a legal conclusion to which no response is required and refers the Court to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, for a complete and accurate statement of its language. To the extent a response is required, the allegations are denied.

127. Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128. Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129. Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130. Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

132. Defendant states that Paragraph 132 sets forth a legal conclusion to which no response is required and refers the Court to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, for a complete and accurate statement of its language. To the extent a response is required, the allegations are denied.

133. Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134. Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135. Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136. Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

138. Defendant states that Paragraph 138 sets forth a legal conclusion to which no response is required and refers the Court to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, for a complete and accurate statement of its language. To the extent a response is required, the allegations are denied.

139. Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140. Defendant denies the allegations contained in Paragraph 140 of the Complaint.

141. Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142. Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

144. Defendant states that Paragraph 144 sets forth a legal conclusion to which no response is required and refers the Court to the New York City Human Rights Law for a complete and accurate statement of its language. To the extent a response is required, the allegations are denied.

145. Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146. Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147. Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

149. Defendant states that Paragraph 149 sets forth a legal conclusion to which no response is required and refers the Court to the New York City Human Rights Law for a complete and accurate statement of its language. To the extent a response is required, the allegations are denied.

150. Defendant denies the allegations contained in Paragraph 150 of the Complaint.

151. Defendant denies the allegations contained in Paragraph 151 of the Complaint.

152. Defendant denies the allegations contained in Paragraph 152 of the Complaint.

153. Defendant denies the allegations contained in Paragraph 153 of the Complaint.

154. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

155. Defendant states that Paragraph 155 sets forth a legal conclusion to which no response is required and refers the Court to the New York City Human Rights Law for a complete and accurate statement of its language. To the extent a response is required, the allegations are denied.

156. Defendant denies the allegations contained in Paragraph 156 of the Complaint.

157. Defendant denies the allegations contained in Paragraph 157 of the Complaint.

158. Defendant denies the allegations contained in Paragraph 158 of the Complaint.

159. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

160. Defendant states that Paragraph 160 sets forth a legal conclusion to which no response is required and refers the Court to the New York City Human Rights Law for a complete and accurate statement of its language. To the extent a response is required, the allegations are denied.

161. Defendant denies the allegations contained in Paragraph 161 of the Complaint.

162. Defendant denies the allegations contained in Paragraph 162 of the Complaint.

163. Defendant denies the allegations contained in Paragraph 163 of the Complaint.

164. Defendant denies the allegations contained in Paragraph 164 of the Complaint.

165. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

166. Defendant states that Paragraph 166 sets forth a legal conclusion to which no response is required and refers the Court to the New York City Human Rights Law for a complete and accurate statement of its language. To the extent a response is required, the allegations are denied.

167. Defendant denies the allegations contained in Paragraph 167 of the Complaint.

168. Defendant denies the allegations contained in Paragraph 168 of the Complaint.

169. Defendant denies the allegations contained in Paragraph 169 of the Complaint.

170. Defendant denies the allegations contained in Paragraph 170 of the Complaint.

171. Defendant repeats and realleges the responses contained in each of the preceding paragraphs of the Answer, as if fully set forth herein.

172. Defendant denies the allegations set forth in Paragraph 172, except admits that it employed Brown.

173. Defendant denies the allegations set forth in Paragraph 173, except admits that it employed Brown.

174. Defendant denies the allegations contained in Paragraph 174 of the Complaint.

175. Defendant denies the allegations contained in Paragraph 175 of the Complaint.

## AS TO PLAINTIFF'S REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever, and expressly denies each request for relief in subparagraphs (a) through (l).

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by virtue of his own conduct.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff failed to exhaust all administrative prerequisites before filing suit and/or the to the extent that the Complaint exceeds the scope of Plaintiff's EEOC Charge.

### FOURTH AFFIRMATIVE DEFENSE

At all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Defendant had established and complied with readily accessible and effective policies and procedures for the detection, reporting, prevention, and remediation of unlawful employment practices, including discrimination and retaliation.

#### FIFTH AFFIRMATIVE DEFENSE

Any actions taken by Defendant with regard to Plaintiff were solely undertaken for legitimate reasons and no unlawful factors motivated Defendant's actions toward Plaintiff.

#### SIXTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages, which Defendant expressly denies upon information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate his damages.

#### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant's conduct was not willful, motivated by evil motive or intent, or in reckless indifference to Plaintiff's legally protected rights. To the extent that any of Defendant's agents acted with such willfulness, evil motive or intent, or reckless indifference to Plaintiff's legally protected rights, which Defendant expressly denies, such actions were contrary to Defendant's good-faith efforts to enforce its anti-discrimination policies.

#### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, because Defendant acted reasonably in good faith at all times based on all relevant facts and circumstances known by Defendant at the time Defendant acted.

#### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages under the New York City Administrative Code, such relief is barred because Defendant's alleged conduct did not rise to the required level of culpability to justify an award of such damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by the statute of limitations to the extent they rely on any conduct barred by the statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Any recovery on the Complaint, or any cause of action or purported cause of action alleged therein, is barred on the grounds that some or all of the conduct alleged was not unwelcome.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged injuries are due to other circumstances existing in Plaintiff's life during or to pre-existing conditions, not to any actions of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant lacks actual or constructive knowledge of some of the conduct alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint and any relief sought by Plaintiff are barred, in whole or in part, by such additional defenses as Defendant may have that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not yet commenced. Accordingly, Defendant reserves the right to supplement and/or amend the foregoing and to raise additional defenses as the case progresses.

**WHEREFORE**, defendant Brightpoint Health respectfully requests that the Complaint be dismissed with prejudice and that it be awarded costs, including reasonable attorneys' fees, along with such other and further relief as the Court may deem just and proper.

Dated: January 12, 2018

Respectfully submitted,

By: /s/ Lyle S. Zuckerman
Lyle S. Zuckerman
Kaitlyn E. Fallon
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 603-6452